1

2

3                    UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5    JAMES ARTHUR SMITH, JR.,              Case No. 3:25-cv-00177-ART-CLB

6                          Plaintiff,      ORDER DISMISSING AND CLOSING
                                                        CASE
7        v.

     MEDICAL DIRECTOR, et al.,
8
                          Defendants.
9

10        Plaintiff James Smith brings this civil-rights action under 42 U.S.C.

11   § 1983 to redress constitutional violations that he allegedly suffered while

12   incarcerated at Northern Nevada Correctional Center. (ECF No. 1-1). On April 7,

13   2025, this Court ordered Smith to either pay the full $405 filing fee or file a

14   complete application to proceed *in forma pauperis* for non-inmates by May 7,

15   2025. (ECF No. 4). That deadline expired without any response by Smith.

16   **I.    DISCUSSION**

17        District courts have the inherent power to control their dockets and "[i]n

18   the exercise of that power, they may impose sanctions including, where

19   appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los

20   Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based

21   on a party's failure to obey a court order or comply with local rules. *See Carey v.

22   King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (affirming dismissal for failure to

23   comply with local rule requiring *pro se* plaintiffs to keep court apprised of

24   address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987)

25   (dismissal for failure to comply with court order). In determining whether to

26   dismiss an action on one of these grounds, the Court must consider: (1) the

27   public's interest in expeditious resolution of litigation; (2) the Court's need to

28   manage its docket; (3) the risk of prejudice to the defendants; (4) the public

                                          1

1  policy favoring disposition of cases on their merits; and (5) the availability of less
2  drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d
3  1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

4      The first two factors, the public's interest in expeditiously resolving this
5  litigation and the Court's interest in managing its docket, weigh in favor of
6  dismissal of Smith's claims. The third factor, risk of prejudice to defendants, also
7  weighs in favor of dismissal because a presumption of injury arises from the
8  occurrence of unreasonable delay in filing a pleading ordered by the court or
9  prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.
10  1976). The fourth factor—the public policy favoring disposition of cases on their
11  merits—is greatly outweighed by the factors favoring dismissal.

12      The fifth factor requires the Court to consider whether less drastic
13  alternatives can be used to correct the party's failure that brought about the
14  Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,
15  992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*
16  the party has disobeyed a court order does not satisfy this factor); *accord*
17  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not
18  exhaust every sanction short of dismissal before finally dismissing a case, but
19  must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779
20  F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without
21  collecting reasonable fees, and litigation cannot progress without Smith's
22  compliance with the Court's orders, the only alternative is to enter a second order
23  setting another deadline. But repeating an ignored order often only delays the
24  inevitable and squanders the Court's finite resources along the way. The
25  circumstances here do not indicate that this case will be an exception. Setting
26  another deadline is not a meaningful alternative given these circumstances. So
27  the fifth factor favors dismissal.

28

2

1  **II.    CONCLUSION**

2          Having thoroughly considered these dismissal factors, the Court finds that

3  they weigh in favor of dismissal. It is therefore ordered that this action is

4  dismissed without prejudice based on the plaintiff's failure to address the matter

5  of the filing fee in compliance with the Court's order. The Clerk of Court is kindly

6  directed to enter judgment accordingly and close this case. No other documents

7  may be filed in this now-closed case. If James Smith wishes to pursue his claims,

8  he must file a complaint in a new case and address the matter of the filing fee.

9          It is further ordered that the motion for the appointment of counsel (ECF

10  No. 1-3) is denied as moot.

11          DATED: May 29, 2025.

12

13

14

15          ANNE R. TRAUM
            UNITED STATES DISTRICT JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28